UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTHONY EUGENE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:10-CV-150-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN ERIC D. WILSON, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Anthony Eugene Brooks is in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the Federal Correctional Institution-Beckley, in Beaver, West Virginia. He has submitted to this Court a *pro se* civil rights Complaint, purportedly under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In it, he complains of the unhealthy living conditions which he was allegedly forced to endure while he was incarcerated in this District, at the United States Penitentiary-McCreary, in Pine Knot, Kentucky. The Complaint was accompanied by a Motion to Proceed *in forma pauperis*, which was granted by separate Order. A later-filed Motion for Preliminary Injunctive Relief has been denied separately.

The Complaint is now before the Court for screening. 28 U.S.C. § 1915; 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons discussed below, this matter will be dismissed.

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## I.

Plaintiff's allegations begin at the United States Penitentiary-McCreary ("USP-McCreary"), on July 24, 2009. On that date, the warden posted an "MCR Inmate Bulletin," advising the inmates that the Tennessee Department of Health had notified them of a confirmed case of H1N1 flu in the "2A Housing Unit," and that several other inmates there were found to have symptoms. The plaintiff attaches a copy of the bulletin. [R. 2, Exhibit dated July 24, 2009.]

The Bulletin continued, "Effective Wednesday July 23, 2009, the 2A Housing Unit has been placed on a medical quaranteen [sic] for the next ten days." *Id.* The Bulletin also contained recommendations on avoiding the flu, information on symptoms to look for, warnings on how the flu is spread, and advice as to what can be used to lessen symptoms if detected early. The warden concluded by encouraging the prisoners to report any symptoms to the staff in Health Services.

Plaintiff complains that he was assigned to that quarantine area, the 2A Housing Unit. He alleges that he was forced to remain there and share the same food, the same food holding carts, the same water sources, shower facilities, telephones, and computers with the infected population. Brooks contends that the Bulletin was actually a death sentence and that his being forced to remain in the infectious conditions amounted to cruel and unusual punishment in violation of the U.S. Constitution's Eighth Amendment.

Plaintiff claims that he developed a severe sore throat, a runny nose, and slight cough, all of which were symptoms listed in the warden's posted bulletin, but he does not state when these symptoms began or how long they lasted. At some point, the Plaintiff left USP-McCreary,

evidently en route to his present assignment in Beckley, as he states that on September 25, 2009, he was on his way to a BOP transfer center in Oklahoma. He alleges that there, "I became very ill and my lungs had to be tested and treated in Oklahoma at the transfer center." He also alleges that "'Ammoxicilin' was prescribed to clear my lungs and cure the flu."

Brooks now seeks damages, including punitive damages.

## II.

Plaintiff's pleadings and attachments devote considerable time and paper describing and documenting the lengths to which he went to exhaust the BOP administrative process, a process which purportedly shows that the BOP was stalling on his claim under the Eighth Amendment.[2] He also states that at his warden's suggestion, he filed a tort claim, which was "sent off in April 2010." Brooks claims that he has exhausted all available administrative remedies.

With regard to the tort claim, the Court must first look at the express terms of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-80. It is in the FTCA that Congress waived the sovereign immunity of the United States government and conferred subject matter jurisdiction on the federal district courts to hear tort actions against the federal government for the negligence of its employees. *See* 28 U.S.C. § 1346(b)(1). The district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy any one of its provisions.

One condition is that a claimant exhaust the FTCA's administrative process prior to filing a lawsuit. The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to

---

[2] Brooks claims to have filed his initial grievance with the warden at Beckley, on December 10, 2009; to have appealed to the Regional Director, who acknowledged receipt of the appeal on February 4, 2010, but did not timely respond; and having received no reply, to have appealed to the national office of the BOP on April 4, 2010. Thus, he claims, he exhausted the process.

the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). As to fulfilling the presentment requirement, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property...." 28 C.F.R. § 14.2(a)(1991); *Mora v. United States*, 955 F.2d 156, 160 (2nd Cir. 1992). *See Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989) (filing a standard Form 95 claim with the BOP satisfies the presentment requirement under 28 U.S.C. § 2675(a)). Plaintiff alleges that he filed an FTCA claim on April 4, 2010.

The FTCA imposes its own statute of limitations. 28 U.S.C. § 2401 provides in pertinent part as follows:

> . . . .
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* Therefore, taking the Plaintiff's allegation as true, his filing of an FTCA claim was apparently timely, as it was filed within two years of the July 2009 quarantine.

However, Brooks does not allege that his claim has been denied. Under the above language, a civil action based on the FTCA is permissible only if it is filed *within six months after* the agency's denial of the claim. *See* 28 U.S.C. § 2401(b). Until the agency's denial and the Plaintiff's timely filing of a civil action after the denial letter, the Court has no jurisdiction to consider the claim. *Lundstrum v. Lyng,* 954 F.2d 1142, 1145 (6th Cir. 2002) ("A prerequisite to suit under the FTCA . . . is the exhaustion by the plaintiff of administrative remedies").

Therefore, to the extent that the instant Plaintiff has urged a negligence claim under the

FTCA, the claim must be dismissed, without prejudice to his re-filing at a later date upon exhaustion. Should he do so, he is advised that another defect in his tort claim herein was the naming of the government agencies as the Defendants. The FTCA requires that the United States is the only proper defendant. 28 U.S.C. §§ 1346(b), 2401(b), 2679(a); *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990). Plaintiff is hereafter on notice of this requirement.

The Court proceeds to Brooks' *Bivens* claims. To state a claim for damages that is cognizable under 28 U.S.C. § 1331 and the doctrine announced in *Bivens*, a plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

To satisfy the first of these two requirements, the instant Plaintiff has alleged that the conditions in which he was held were so unhealthy as to amount to cruel and unusual punishment, and that he has a right to be free of such punishment under the Eighth Amendment of the U.S. Constitution. As to the second component, he has alleged that the following acted under color of federal law: Eric D. Wilson, Warden at USP-McCreary; the BOP; and the State of Kentucky.[3]

Again the Plaintiff's naming of the Defendants is flawed, this time proving fatal to his *Bivens* claims. The doctrine of sovereign immunity of governments is implicated by this claim as well. "In a suit against the United States, there cannot be a right to money damages without a

---

[3] The Plaintiff originally named an Attorney General under the line naming the State of Kentucky as a Defendant, and in a later amendment, it appears that he means the Attorney General of the United States. It is, therefore, not clear which is intended, but as neither is alleged to have been personally involved in any complained-of actions, they would both be entitled to dismissal from this lawsuit. A plaintiff cannot recover on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). In order to find a person in a supervisory role liable, the plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). No such allegation appears herein.

waiver of sovereign immunity," and the United States has not waived its sovereign immunity to monetary damages for constitutional torts. *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985).

Brooks specifies that he is suing Warden Wilson in his official capacity. When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975).

Thus, Plaintiff's constitutional claim against the warden in his official capacity for money damages under § 1331 and the Constitution is barred by the doctrine of sovereign immunity. *Garcia v. United States*, 666 F.2d 960 (5th Cir. 1982), *cert. denied*, 459 U.S. 832 (1982). Under the same rationale, any lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, like the official Defendant, the governmental agency herein, *i.e.*, the BOP, is entitled to the protection of sovereign immunity.

The Plaintiff's suit against the State of Kentucky as the third Defendant also cannot be maintained, as it runs headlong into the Eleventh Amendment of the U.S. Constitution. The 11th Amendment prohibits suits in federal court by citizens against a State and its agencies, absent a waiver of immunity and consent to suit by the State or a valid abrogation of constitutional immunity by Congress. *See Joseph v. Hofmann*, No. 1:08-CV-11, 2009 WL 363868, *4 (D.Vt. February 10, 2009) (citing, *e.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,

506 U.S. 139, 142-47 (1993); *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 97-100 (1984)). Accordingly, any claim against the State of Kentucky cannot go forward.

Therefore, in addition to dismissing the FTCA claims, the Court must dismiss the *Bivens* claims as well. The result in this case is consistent not only with the cases listed above, but with the underlying rationale that waivers of sovereign immunity must be strictly construed and all ambiguities must be resolved in favor of the sovereign. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). In the words of the Supreme Court, "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick*, 404 U.S. 111, 117-18 (1979).

### III.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motions to Amend his Complaint [R. 5, 10] are **GRANTED**;

2. Brooks' cause of action herein will be **DISMISSED**, *sua sponte*; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 23rd day of July, 2010.



Signed By:
Gregory F. Van Tatenhove
United States District Judge